T.C. Memo. 2002-194


UNITED STATES TAX COURT


WILLIE R. DAVIDSON, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 13540-01L.          Filed August 7, 2002.


Willie R. Davidson, pro se.

<u>Wendy S. Harris</u> and <u>Scott Hovey</u>, for respondent.


MEMORANDUM OPINION


PANUTHOS, <u>Chief Special Trial Judge</u>: This matter is before
the Court on respondent's Motion For Summary Judgment And To
Impose A Penalty Under I.R.C. Section 6673, filed pursuant to
Rule 121.[1] Respondent contends that there is no dispute as to

_____

    [1] Unless otherwise indicated, all section references are to
the Internal Revenue Code, as amended, and all Rule references
are to the Tax Court Rules of Practice and Procedure.

any material fact with respect to this lien and levy action, and that respondent's determination to proceed with collection of petitioner's outstanding tax liability for 1997 should be sustained as a matter of law.

Summary judgment is intended to expedite litigation and avoid unnecessary and expensive trials. Fla. Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988). Summary judgment may be granted with respect to all or any part of the legal issues in controversy "if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law." Rule 121(a) and (b); Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994); Zaentz v. Commissioner, 90 T.C. 753, 754 (1988); Naftel v. Commissioner, 85 T.C. 527, 529 (1985). The moving party bears the burden of proving that there is no genuine issue of material fact, and factual inferences will be read in a manner most favorable to the party opposing summary judgment. Dahlstrom v. Commissioner, 85 T.C. 812, 821 (1985); Jacklin v. Commissioner, 79 T.C. 340, 344 (1982).

As explained in detail below, there is no genuine issue as to any material fact, and a decision may be rendered as a matter of law. Accordingly, we shall grant respondent's motion for summary judgment.

Background

A. Petitioner's Form 1040 for 1997

On or about April 23, 1998, Willie R. Davidson (petitioner) and his wife, Dawn F. Davidson, submitted to respondent a Form 1040, U.S. Individual Income Tax Return, for the taxable year 1997. On the Form 1040, the Davidsons listed their filing status as "married filing joint return" and described their occupations as "Tel Com. Employee".

The Davidsons entered zeros on applicable lines of the income portion of their Form 1040, specifically including line 7 for wages, line 22 for total income, and lines 32 and 33 for adjusted gross income. The Davidsons also entered a zero on line 53 for total tax.

The Davidsons attached to their Form 1040 two Forms W-2, Wage and Tax Statement, issued to them by Sprint/Central Telephone-Nevada, and a Form 1099-R, Distributions from Pensions, Annuities, Retirement or Profit Sharing Plans, IRAs, Insurance Contracts, etc., issued to petitioner by Northern Trust Co. The Form W-2 issued to petitioner discloses that petitioner was paid wages in the amount of $48,701.01 and that there was no

withholding of Federal income tax.  The Form 1099-R discloses

that petitioner received a gross distribution in the amount of

$20,806.69 from the Centel ESOP Plan.

The Davidsons also attached to their Form 1040 a 2-page

typewritten statement that stated, in part, as follows:

> We are submitting this statement as part of our 1997
> income tax return.
>
> Even though we know that no section of the Internal Revenue
> Code:
>
> 1. establishes an income tax "liability" * * * ;
>
> 2. provides that income taxes "have to be paid on the
> basis of a return" * * * .
>
> In addition to the above, we are filing even though:
>
> 3.  The "Privacy Act Notice" that the face of this
> return directs us to, states that we need only file for
> "any tax" we may be "liable" for, and since no Code
> section makes us "liable" for income taxes, this Notice
> notifies us that we do not have to file an income tax
> return.
>
>        *   *   *   *   *   *   *
>
> It should also be noted that we had "zero" income
> according to the Supreme Court's definition of income
> * * * .
>
> We would like the IRS to note that our 1997 tax return
> does not constitute a "frivolous" return pursuant to
> Code Section 6702.
>
>        *   *   *   *   *   *   *
>
> In addition, do not notify us, that the IRS is
> "changing" our return, since there is no statute that
> allows the IRS to do so.  You might prepare a return
> (pursuant to Code Section 6020(b), where no return is
> filed, but where, as in this case, a return has been

filed, no statute authorizes IRS personnel to "change" that return.

* * * * * * *

NOTE:  The word "income" is not defined in the Internal Revenue Code. * * * but, as stated above, it can only be a derivative of corporate activity.  * * *

B.  Respondent's Deficiency Notice and Petitioner's Response

On December 3, 1999, respondent issued a joint notice of deficiency to the Davidsons.  In the notice, respondent determined a deficiency in the amount of $32,278 in the Davidsons' Federal income tax for 1997 and an accuracy-related penalty under section 6662(a) for negligence or disregard of rules or regulations in the amount of $6,448.66.  The deficiency was based on respondent's determination that the Davidsons failed to report:  (1) Wage income (as set forth in the Forms W-2 mentioned above), and (2) a distribution from an ESOP (as reported to respondent by Northern Trust Co. on Form 1099-R).

By registered letter dated January 26, 2000, petitioner wrote to the Director of respondent's Service Center in Ogden, Utah, acknowledging receipt of the notice of deficiency dated December 3, 1999, but challenging the Director's authority "to send me the Notice in the first place."[2]  Petitioner sent copies of this letter by registered mail to Robert Rubin, Secretary of

---

[2]  Petitioner's letter dated Jan. 26, 2000, stated in part: "This letter is being submitted on my behalf only and exclusive of my now ex-wife Dawn F. Davidson."

the Treasury, and Charles O. Rossotti, Commissioner of Internal Revenue.

Petitioner knew that he had the right to contest respondent's deficiency determination by filing a petition for redetermination with this Court.[3]  However, petitioner chose not to do so.  Accordingly, on May 8, 2000, respondent assessed the determined deficiency and accuracy-related penalty, as well as statutory interest.  On that same day, respondent sent petitioner a notice of balance due, informing petitioner that he had a liability for 1997 and requesting that he pay it.  Petitioner failed to do so.

C.  Respondent's Final Notices and Petitioner's Response

One year later, on May 8, 2001, respondent sent petitioner a Final Notice--Notice of Intent to Levy and Notice of Your Right to a Hearing (the Final Notice).  The Final Notice was issued in respect of petitioner's outstanding tax liability for 1997.  On May 15, 2001, respondent sent petitioner a Notice of Federal Tax Lien Filing and Your Right to a Hearing Under IRC 6320 in respect of his outstanding liability for 1997.

---

[3]  In this regard, petitioner's letter dated Jan. 26, 2000, stated in pertinent part:

> According to your "Deficiency Notice" of the above date (cover sheet attached), there is an alleged deficiency with respect to my * * * 1997 income tax * * * and if I wanted to "contest this deficiency before making payment," I must "file a petition with the United States Tax Court."

On May 25, 2001, petitioner submitted to respondent a Form 12153, Request for a Collection Due Process Hearing. Petitioner's request stated that he was challenging the validity of the assessments for 1997 on the grounds there is no statute imposing tax liability upon him and he was not served with a valid notice and demand for payment.

### D. The Appeals Office Hearing

On October 9, 2001, Appeals Officers Tony Aguiar and Julie Peterson (the Appeals officers) conducted an Appeals Office hearing that petitioner attended. According to a purported transcript of the hearing prepared by petitioner, the Appeals officers provided petitioner with a Form 4340, Certificate of Assessments, Payments, and Other Specified Matters, with regard to petitioner's taxable year 1997. A copy of the Form 4340, dated September 6, 2001, is attached to respondent's Motion for Summary Judgment, which was served on petitioner. During the hearing, petitioner declined to discuss collection alternatives. Rather, petitioner stated that he wished to challenge his underlying tax liability, and he requested that the Appeals officers provide verification that all applicable laws and administrative procedures were followed in the assessment and collection process. During the hearing, the Appeals officers warned petitioner that his arguments were frivolous, and they

provided petitioner with a copy of the Court's opinion in <u>Pierson</u> <u>v. Commissioner</u>, 115 T.C. 576 (2000).

### E.  Respondent's Notice of Determination

On October 31, 2001, respondent sent petitioner a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330.  The notice stated that the Appeals Office had determined that it was appropriate for respondent to proceed with the collection of petitioner's outstanding tax liability for 1997.

### F.  Petitioner's Petition

On December 3, 2001, petitioner filed with the Court a petition for lien or levy action seeking review of respondent's notice of determination.[4]  The petition includes allegations that:  (1) The Appeals officers failed to obtain verification from the Secretary that the requirements of any applicable law or administrative procedure were met as required under section 6330(c)(1); (2) petitioner never received a notice and demand for payment or valid notice of deficiency; and (3) petitioner was denied the opportunity to raise "relevant issues".

### G.  Respondent's Motion for Summary Judgment

As indicated, respondent filed a Motion For Summary Judgment And To Impose A Penalty Under I.R.C. Section 6673 asserting that

---

[4]  At the time that the petition was filed, petitioner resided in Las Vegas, Nevada.

there is no dispute as to a material fact and that respondent is entitled to judgment as a matter of law. In particular, respondent contends that because petitioner received the notice of deficiency dated December 3, 1999, he cannot challenge the existence or amount of his underlying tax liability for 1997 in this proceeding. Respondent further contends that the Appeals officers' review of Form 4340 with regard to petitioner's account for 1997 satisfied the verification requirement imposed under section 6330(c)(1) and demonstrates that petitioner was issued a notice and demand for payment. Finally, respondent contends that petitioner's behavior warrants the imposition of a penalty under section 6673.

Petitioner filed an Objection to respondent's motion. Thereafter, pursuant to notice, respondent's motion was called for hearing at the Court's motions session in Washington, D.C.

Discussion

Section 6321 imposes a lien in favor of the United States on all property and rights to property of a person when a demand for the payment of the person's liability for taxes has been made and the person fails to pay those taxes. Such a lien arises when an assessment is made. Sec. 6322. Section 6323(a) requires the Secretary to file notice of Federal tax lien if such lien is to be valid against any purchaser, holder of a security interest,

mechanic's lienor, or judgment lien creditor.  Lindsay v. Commissioner, T.C. Memo. 2001-285.

Section 6320 provides that the Secretary shall furnish the person described in section 6321 with written notice of the filing of a notice of lien under section 6323.  The notice required by section 6320 must be provided not more than 5 business days after the day of the filing of the notice of lien. Sec. 6320(a)(2).  Section 6320 further provides that the person may request administrative review of the matter (in the form of an Appeals Office hearing) within 30 days beginning on the day after the 5-day period.  Section 6320(c) provides that the Appeals Office hearing generally shall be conducted consistent with the procedures set forth in section 6330(c), (d), and (e).

Section 6331(a) provides that if any person liable to pay any tax neglects or refuses to pay such tax within 10 days after notice and demand for payment, the Secretary is authorized to collect such tax by levy on the person's property.  Section 6331(d) provides that at least 30 days before enforcing collection by levy on the person's property, the Secretary is obliged to provide the person with a final notice of intent to levy, including notice of the administrative appeals available to the person.

Section 6330 generally provides that the Commissioner cannot proceed with collection by levy until the person has been given

notice and the opportunity for an administrative review of the matter (in the form of an Appeals Office hearing) and, if dissatisfied, with judicial review of the administrative determination. See Davis v. Commissioner, 115 T.C. 35, 37 (2000); Goza v. Commissioner, 114 T.C. 176, 179 (2000).

Section 6330(c) prescribes the matters that a person may raise at an Appeals Office hearing. In sum, section 6330(c) provides that a person may raise collection issues such as spousal defenses, the appropriateness of the Commissioner's intended collection action, and possible alternative means of collection. Section 6330(c)(2)(B) provides that the existence and amount of the underlying tax liability can be contested at an Appeals Office hearing only if the person did not receive a notice of deficiency for the taxes in question or did not otherwise have an earlier opportunity to dispute the tax liability. See Sego v. Commissioner, 114 T.C. 604, 609 (2000); Goza v. Commissioner, supra. Section 6330(d) provides for judicial review of the administrative determination in the Tax Court or a Federal District Court, as may be appropriate.

A. Summary Judgment

Petitioner challenges the assessments made against him on the ground that the notice of deficiency dated December 3, 1999, is invalid. However, the record shows that petitioner received the notice of deficiency and disregarded the opportunity to file

a petition for redetermination with this Court.  See sec. 6213(a).  It follows that section 6330(c)(2)(B) generally bars petitioner from challenging the existence or amount of his underlying tax liability in this collection review proceeding.

Even if petitioner were permitted to challenge the validity of the notice of deficiency, petitioner's argument that the notice is invalid because respondent's Service Center director is not properly authorized to issue notices of deficiency is frivolous and groundless.  See Nestor v. Commissioner, 118 T.C. 162, 165 (2002); Goza v. Commissioner, supra.  Further, as the Court of Appeals for the Fifth Circuit has remarked: "We perceive no need to refute these arguments with somber reasoning and copious citation of precedent; to do so might suggest that these arguments have some colorable merit."  Crain v. Commissioner, 737 F.2d 1417, 1417 (5th Cir. 1984).  Suffice it to say that petitioner is a taxpayer subject to the Federal income tax, see secs. 1(a)(1), 7701(a)(1), (14), and that compensation for labor or services rendered constitutes income subject to the Federal income tax, sec. 61(a)(1); United States v. Romero, 640 F.2d 1014, 1016 (9th Cir. 1981).

We likewise reject petitioner's argument that the Appeals officers failed to obtain verification from the Secretary that the requirements of all applicable laws and administrative procedures were met as required by section 6330(c)(1).  The

record shows that the Appeals officers obtained and reviewed a transcript of account (Form 4340) with regard to petitioner's taxable year 1997.

Federal tax assessments are formally recorded on a record of assessment. Sec. 6203. "The summary record, through supporting records, shall provide identification of the taxpayer, the character of the liability assessed, the taxable period, if applicable, and the amount of the assessment." Sec. 301.6203-1, Proced. & Admin. Regs.

Section 6330(c)(1) does not require the Commissioner to rely on a particular document to satisfy the verification requirement imposed therein. Roberts v. Commissioner, 118 T.C. 365, 371 n.10 (2002); Weishan v. Commissioner, T.C. Memo. 2002-88; Lindsey v. Commissioner, T.C. Memo. 2002-87; Tolotti v. Commissioner, T.C. Memo. 2002-86; Duffield v. Commissioner, T.C. Memo. 2002-53; Kuglin v. Commissioner, T.C. Memo. 2002-51. In this regard, we observe that the Form 4340 on which the Appeals officers relied contained all the information prescribed in section 301.6203-1, Proced. & Admin. Regs. See Weishan v. Commissioner, supra; Lindsey v. Commissioner, supra; Tolotti v. Commissioner, supra; Duffield v. Commissioner, supra; Kuglin v. Commissioner, supra.

Petitioner has not alleged any irregularity in the assessment procedure that would raise a question about the validity of the assessments or the information contained in the

Form 4340.  See <u>Davis v. Commissioner</u>, <u>supra</u> at 41; <u>Mann v. Commissioner</u>, T.C. Memo. 2002-48.  Accordingly, we hold that the Appeals officers satisfied the verification requirement of section 6330(c)(1).  Cf. <u>Nicklaus v. Commissioner</u>, 117 T.C. 117, 120-121 (2001).

Petitioner also contends that he never received a notice and demand for payment for 1997.  The requirement that the Secretary issue a notice and demand for payment is set forth in section 6303(a), which provides in pertinent part:

> SEC. 6303(a). General Rule.--Where it is not otherwise provided by this title, the Secretary shall, as soon as practicable, and within 60 days, after the making of an assessment of a tax pursuant to section 6203, give notice to each person liable for the unpaid tax, stating the amount and demanding payment thereof. * * *

The Form 4340 that the Appeals officers relied on during the administrative process shows that respondent sent petitioner a notice of balance due on the same date that respondent made assessments against petitioner for the tax and accuracy-related penalty determined in the notice of deficiency.  A notice of balance due constitutes a notice and demand for payment within the meaning of section 6303(a).  See, e.g., <u>Hughes v. United States</u>, 953 F.2d 531, 536 (9th Cir. 1992); <u>Weishan v. Commissioner</u>, <u>supra</u>; see also <u>Hansen v. United States</u>, 7 F.3d 137, 138 (9th Cir. 1993).

Petitioner has failed to raise a spousal defense, make a valid challenge to the appropriateness of respondent's intended collection action, or offer alternative means of collection. These issues are now deemed conceded. Rule 331(b)(4). Under the circumstances, we conclude that respondent is entitled to judgment as a matter of law sustaining the notice of determination dated October 31, 2001.

### B.  Imposition of a Penalty Under Section 6673

We turn now to that part of respondent's motion that moves for the imposition of a penalty on petitioner under section 6673.

As relevant herein, section 6673(a)(1) authorizes the Tax Court to require a taxpayer to pay to the United States a penalty not in excess of $25,000 whenever it appears that proceedings have been instituted or maintained by the taxpayer primarily for delay or that the taxpayer's position in such proceeding is frivolous or groundless. The Court has indicated its willingness to impose such penalty in lien and levy cases, Pierson v. Commissioner, 115 T.C. 576, 580-581 (2000), and has in fact imposed a penalty in several such cases, Roberts v. Commissioner, supra (imposing a penalty in the amount of $10,000); Newman v. Commissioner, T.C. Memo. 2002-135 (imposing a penalty in the amount of $1,000); Yacksyzn v. Commissioner, T.C. Memo. 2002-99 (imposing a penalty in the amount of $1,000); Watson v. Commissioner, T.C. Memo. 2001-213 (imposing a penalty in the

amount of $1,500); <u>Davis v. Commissioner</u>, T.C. Memo. 2001-87 (imposing a penalty in the amount of $4,000).

We are convinced that petitioner instituted the present proceeding primarily for delay.  During the administrative hearing, petitioner was provided with a copy of the Court's opinion in <u>Pierson v. Commissioner</u>, <u>supra</u>, and was warned that his arguments were frivolous.  In this regard, it is clear that petitioner instituted and maintained this proceeding as nothing but a vehicle to protest the tax laws of this country and to espouse his own misguided views, which we regard as frivolous and groundless.  In short, having to deal with this matter wasted the Court's time, as well as respondent's, and taxpayers with genuine controversies may have been delayed.

Under the circumstances, we shall grant that part of respondent's motion that moves for the imposition of a penalty in that we shall impose a penalty on petitioner pursuant to section 6673(a)(1) in the amount of $4,000.

In order to give effect to the foregoing,

<u>An appropriate order granting
respondent's motion and decision
for respondent will be entered</u>.